JUSTICE RICE
dissenting.
¶20 I respectfully dissent.
¶21 The Court states that Dexter’s one-year jail sentence “was suspended upon condition that he serve ninety days and pay a fine,” but, actually, only nine months of Dexter’s one-year sentence (one year less 90 days) was suspended. The 90-day jail sentence was mandatory. Likewise, the various fines imposed were stand-alone, requisite provisions. The sentencing order clearly provided that only the “suspended portion of the Defendant’s sentence is conditional upon compliance with all terms of this Order.” Thus, although the State did not act to revoke the suspended portion of Dexter’s sentence, that had no effect on the “unsuspended,” or mandatory, provisions of the sentence. These provisions did not expire at the end of Dexter’s period of suspension, because they were not fulfilled:
Unless death or legal authority intervenes, a sentence of imprisonment is satisfied only by actual imprisonment. Therefore, if the time of sentence elapses without imprisonment, the sentence is still valid, subsisting, and unexecuted.
21A Am.Jur.2d Criminal Law § 822 (1998). This general principle *12 undergirds our statutes, which provide that a sentence of imprisonment needs nothing more to be executed:
When a judgment of imprisonment is entered [by the justice court], a certified copy thereof must be delivered to the sheriff or other officer, which is sufficient warrant for its execution.
Section 46-17-302(2), MCA (1997). Further, the imposition of an unconditional fine in a sentence can be enforced by imprisonment until the fine is paid, at the rate of $25 per day. Section 46-17-302(4), MCA (1997). In contrast, payment of restitution is a condition of sentence, § 46-18-201(2) and (3), MCA (1997), and a defendant may be incarcerated for failure to pay restitution only after a hearing to determine the cause of the defendant’s default. Section 46-18-247, MCA (1997).
¶22 The logic of these principles is clearly seen. If the mandatory portions of a sentence expired at the end of a sentence term, a defendant would need only to elude authorities until his term had expired in order to avoid the judgment.
¶23 The District Court held that the Justice Comb properly exercised its contempt powers to enforce the judgment. However, it was not necessary for the Justice Comb to invoke its contempt powers to enforce the judgment, which remained in effect and unexecuted. Therefore, I would affirm the judgment on the grounds that the District Comb reached the correct conclusion, albeit for the wrong reason.
CHIEF JUSTICE GRAY joins the dissent of JUSTICE RICE.